UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL UTRERAS,

        Plaintiff,

- against -

CHICAGO TITLE INSURANCE COMPANY,
FIDELITY NATIONAL TITLE GROUP, AND
JOHN DOE # 1-3,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-04766 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge:

    Plaintiff Manual Utreras, appearing *pro se* and *in forma pauperis*, filed this suit against defendants Chicago Title Insurance Company, Fidelity National Group, and John Doe # 1-3, alleging fraud, predatory lending, and due process violations. (Doc. No. 1.) On April 2, 2013, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 11.) Plaintiff was served with both the briefing schedule and the motion but did not oppose or respond to either. (*See* Aff. of Service (Doc. No. 10).) For the reasons that follow, plaintiff's complaint is DISMISSED and leave to replead is DENIED.

## BACKGROUND[1]

    On June 6, 2006, plaintiff and his wife borrowed $140,000 from Ultra Equity Finance, Inc. ("Ultra"). (Promissory Note, Ex. 4 (Doc. No. 11-5) at 2.) Though Ultra never verified plaintiff's income or ability to repay, the loan was secured by plaintiff's New York property. (*Id.*; Compl. at ¶ 3 at 20.) In March of 2007, plaintiff and his wife delivered an amended and

---

[1] These facts are taken from the complaint and documents referenced therein, and are presumed to be true for the purposes of defendants' motion to dismiss. *See E.E.O.C. v. Staten Island Sav. Bank*, 207 F.3d 144, 148 (2d Cir. 2000) ("On a motion to dismiss, the facts in the complaint are presumed to be true, and all reasonable inferences are drawn in the plaintiff's favor.").

1

restated consolidated promissory note ("Amended Note") to Ultra, specifying that they would pay Ultra a principal balance of $149,024 on or before December 7, 2007, with monthly interest payments at a rate of 14% per year. (Ex. 5 (Doc. No. 11-6) at 1.)

In April of 2011, Ultra assigned the Amended Note and mortgage to defendants Chicago Title Insurance Co. (Asgn., Ex. 6 (Doc. No. 11-7) at 1.) On May 16, 2012, defendants filed suit in New York State Supreme Court against plaintiff and his wife, who had defaulted on the loan in October of 2007, several years prior. (Prior Action V. Compl., Ex. 2 (Doc. No. 11-3) at 2–3.) Plaintiff failed to answer the complaint and commenced the instant action in September of 2012, while the prior action was still pending in state court. (Compl. at 1.) In November of 2012, while the instant case was pending, the state court awarded defendants a default judgment in the amount of $249,863.53. (Prior Action J., Ex. 3 (Doc. No. 11-4) at 2.) On April 2, 2013, defendants filed a motion to dismiss on the grounds that plaintiff's claims were barred by the doctrine of res judicata. (Doc. No. 11.)

## LEGAL STANDARD

### I. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted

Though defendants bring this 12(b)(6) motion solely on the grounds that res judicata bars the relitigation of plaintiff's claims, courts reviewing a complaint brought by a plaintiff *in forma pauperis* have the authority to dismiss *sua sponte* at any time if "the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal rather than factual sufficiency of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2nd Cir. 2009) (citations omitted). A complaint need not contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Although a *pro se* plaintiff must satisfy pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71–72 (internal citations omitted). In other words, the Court holds *pro se* complaints to a less exacting standard than complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (internal citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads such pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257,

259 (E.D.N.Y. 1995). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (internal citations omitted).

## DISCUSSION

Plaintiff's complaint, which is written largely as if it were an answer to defendants' complaint in the state court proceeding, brings two causes of action. First, reading the complaint liberally, plaintiff's "fraud and predatory lending" claim appears to be based on allegations that defendants (1) issued a loan "preclud[ing] [plaintiff's] ability to repay" and (2) participated in a predatory lending scheme. (*See* Compl. at ¶¶ 10–31 *passim*.) Though plaintiff fails to mention any specific federal statutes, the Court liberally interprets plaintiff's first cause of action to allege both common law fraud and violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and its 1994 amendment, the Home Ownership Equity Protection Act ("HOEPA").

Next, as best the Court can decipher, plaintiff's second cause of action alleges that defendants violated his due process rights by initiating unlawful foreclosure proceedings on his home. (Compl. at 25.) Plaintiff raises three grounds in support: first, the state court should have discharged the loan as predatory; second, the assignment of the loan was improper;[2] and third, defendants failed to personally serve plaintiff in the prior action.[3] (*See* Compl. at ¶¶ 33, 44, 47.) As such, plaintiff argues that defendants lacked standing in the prior action and the court lacked

---

[2] This claim is easily rejected. Borrowers' claims of invalid loan assignments brought after default are routinely dismissed in the Eastern District on one of two grounds, both applicable in the instant case: first, because the claim is an affirmative defense waived when not raised in a foreclosure action, and second, because borrowers lack standing to challenge the validity of a contractual assignment agreement between a lender and an assignee. *See Utreras v. Aegis Funding Corp.*, 13–cv–291, 2013 WL 789614 at *2 (E.D.N.Y. Mar. 1, 2013) ("[T]here could be a genuine dispute between the putative assignee and assignor over the ownership of the mortgage, but [the borrower] likely would have no standing in such a dispute."); *Karamath v. U.S. Bank, N.A.*, 11–cv–1557, 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012) (dismissing plaintiff's claims regarding the validity of her loan assignment as it was "an affirmative defense that plaintiff waived when she failed to assert it in the foreclosure action"), *report and recommendation adopted,* 11–cv–1557, 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012).

[3] Plaintiff's argument that service was improper because he was not personally served fails because pursuant to N.Y. C.P.L.R. § 321(a) service of process may alternatively be made through the mail, which was the method used in the state action. (*See* Ex. 2 to Sferlazza Decl. (Doc. No. 11-3).)

subject matter jurisdiction. (*See* Compl. at ¶¶ 32, 48, 50.) Defendants argue that plaintiff's claims are barred by the doctrine of res judicata. (*See* Def's Mem. Supp. Mot. Dismiss at 3.) For the reasons discussed below, the Court agrees that res judicata bars plaintiff's fraud, predatory lending, and due process claims as they relate to the parties' prior action. To the extent plaintiff alleges predatory lending and due process violations arising from events prior to the state court action, plaintiff fails to state a claim.

I. **Res Judicata Bars Some Claims**

Plaintiff's fraud, predatory lending, and due process claims relating to the parties' prior state proceeding are barred by the doctrine of res judicata. *See Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86–87 (2d Cir. 2000) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when . . . it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law."). Res judicata precludes "later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985).

Here, plaintiff's claims satisfy each element of res judicata. First, the prior action resulted in a default judgment for defendants. (Prior Action J. at 3.) *See Morris v. Jones*, 329 U.S. 545, 550–51 (1947) ("A judgment of a court having jurisdiction . . . operates res judicata . . . even if obtained upon a default.") (citations omitted).[4] Next, the state court was of competent jurisdiction to hear the foreclosure action and the prior action involved the same parties that are

---

[4] That fraud may be a defense to the application of res judicata is of no moment here. *See Morris v. Jones*, 329 U.S. 545, 550–51 (1947) ("Absent fraud or collusion, default judgment has preclusive effect."). It is well settled in the Second Circuit that only claims of extrinsic fraud – rather than claims of intrinsic fraud such as those made by plaintiff – bar the application of res judicata. *Griffith v. Bank of N.Y.*, 147 F.2d 899, 903 (2d Cir. 1945); *see also In re Ward*, 423 B.R. 22, 29 (Bankr. E.D.N.Y. 2010) (surveying Second Circuit cases to define intrinsic fraud as fraud involving the underlying issue in the original lawsuit and extrinsic fraud as physical threats and misrepresentations that the suit would be discontinued).

5

now before this Court.  (Prior Action Summons (Doc. No. 11-2) at 1.)  Finally, both of plaintiff's claims involve the prior action in that they directly attack its validity.  Plaintiff's first cause of action states that the Amended Note was fraudulent and predatory and therefore that sums owed on the note could not be recovered.  (*See* Compl. at 25.)  Plaintiff's second cause of action, which is dependent on the validity of his first, is that defendants violated his due process rights by pursuing legal remedies without standing or subject matter jurisdiction to recover on an invalid note.  (*See id.*; Compl. at ¶¶ 48–49.)

The recoverability of the note and defendants' pursuit of legal remedies to recover on the note were necessarily adjudicated in the prior action where defendants did in fact recover on the Amended Note.  Plaintiff cannot now claim that the underlying note was invalid, that defendants lacked standing, and that the court lacked subject matter jurisdiction in the prior action.  *See Stoll v. Gottlieb*, 305 U.S. 165, 171–72 (1938) ("Every court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter."); *Hinds v. Option One Mortgage Corp.*, 11–cv–6149 (NGG)(RER), 2012 WL 6827477, at *5 (E.D.N.Y. Dec. 6, 2012) ("Inasmuch as [p]laintiff's fraud claim is premised on his allegations that [d]efendants obtained the *underlying mortgage* through predatory lending tactics and fraud, *res judicata* operates to preclude federal review of such a claim."), *report and recommendation adopted,* 11–cv–6149 (NGG)(RER), 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013).  Plaintiff's claims, to the extent that they relate to the prior action, are therefore barred by the doctrine of res judicata.

## II.     Plaintiff's Remaining Claims Must Also Be Dismissed

### A.  Predatory Lending Claims

Though plaintiff's predatory lending claim as it relates to the foreclosure is barred by the doctrine of res judicata, courts in this district have found violations of federal predatory lending

statutes to arise out of separate transactions than mortgage defaults, and therefore have declined to find them barred by res judicata. *Council v. Better Homes Depot, Inc.*, 4–cv–5620, 2006 WL 2376381, at *5 (E.D.N.Y. Aug. 16, 2006) *adhered to on denial of reconsideration*, 4–cv–5620, 2007 WL 680768 (E.D.N.Y. Mar. 2, 2007); *Eubanks v. Liberty Mortg. Banking Ltd.*, 976 F. Supp. 171, 173 (E.D.N.Y. 1997). However, to the extent that plaintiff's complaint alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") or its 1994 amendment, the Home Ownership Equity Protection Act ("HOEPA"), these claims are unsupported by specific facts, and in any event are barred by the applicable statute of limitations.[5] *See* 15 U.S.C. § 1640(e).

Though the complaint does not make mention of TILA or HOEPA, it alleges generally that "there was an issue of predatory lending as it relates to the [plaintiff]," that defendants were "responsible for the increase of those high cost loans while knowing that [plaintiff] was not qualified to purchase a mortgage at the income rate," and that plaintiff was "forced and compelled to borrow consecutive loans as a result of the high-pressure abusive fraudulent behavior that is characterized by the predatory lenders and despite the fact that he was not making the income in order to meet the debt that these mortgage loans incurred." (Compl. at ¶¶ 26, 28, 29.) Though it is not clear from these vague allegations which provisions of TILA or HOEPA defendants' actions could be said to violate, under any construction, these claims are barred by either a one- or a three-year statute of limitations, accruing from the date of the loan

---

[5] To the extent plaintiff alleges that he was "not made aware of any such increase in fees, cost, and expenses in connection with the mortgage or the assignment," thus requesting that the statute of limitations for these violations be equitably tolled, the argument fails. (Compl. ¶ 30 at 10.) To bring TILA and HOEPA violations against assignees, the violations must be apparent on the face of the agreement – meaning the predatory terms are not fraudulently concealed. *See* 15 U.S.C. § 1641(a). However, the doctrine of equitable tolling may only be applied when defendants have fraudulently concealed the predatory terms of the agreement. *See State of N.Y. v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988). Since the only parties here are assignees, any arguments towards applying the doctrine of equitable tolling would be direct arguments against holding defendants liable for the violations.

7

transaction, June 6, 2006. *See* 15 U.S.C. § 1640(e) (imposing a one-year limitations period on TILA actions brought pursuant to § 1640 and a three-year limitations period on actions brought pursuant to §§ 1639, 1639(b), and 1639(c)); *Van Pier v. Long Island Sav. Bank*, 20 F. Supp. 2d 535, 536, 538 (S.D.N.Y. 1998) (explaining that for statute of limitations purposes, a TILA claim accrues on the date of the transaction); *Grimes v. Fremont General Corp*, 785 F. Supp. 2d 269, 288, n.7 (S.D.N.Y. 2011) (noting that HOEPA is part of TILA, and as such is subject to the same statute of limitations).[6] Whether the statute of limitations on plaintiff's predatory lending claim ran on June 7, 2007 or June 7, 2009, it is evident that the claim is now time-barred and must be dismissed.

### B. Due Process Violations

To the extent plaintiff may be alleging due process violations against defendants that are unrelated to the prior action, those allegations must be dismissed for failure to state a claim. Plaintiff alleges that "defendants as individuals" violated his due process rights "when [they] participated in hindsight deception and practices that violate the law along with a conspiracy to engage in unjust enrichment, fraud and theft of equity."[7] (Compl. at 25.) Plaintiff invokes 42 U.S.C. § 1983 and § 1985 in bringing this broad, unspecified due process claim against defendants. (Compl. at 1.) However, neither statute can provide plaintiff relief.

---

[6] The applicable limitations period – whether one year or three – will not bar a debtor from asserting a TILA violation "in an action to collect the debt . . . as a matter of defense by recoupment of set-off in such action." 15 U.S.C. § 1640. However, "[u]nder the plain language of the statute . . . this argument is unavailing . . . [where, as here] plaintiff asserts his TILA claim affirmatively, in an action for damages that he himself commenced, and not as a defense 'in an action to collect the debt.'" *Van Pier*, 20 F. Supp. 2d 535, 536.

[7] Because plaintiff filed the instant action before the conclusion of the prior action, this case is distinct from cases in this district that have found due process and unjust enrichment claims to survive res judicata when the claims arose from injuries occurring after foreclosure proceedings. *See Hinds v. Option One Mortgage Corp.*, 11–cv–6149, 2012 WL 6827477, at *6 (E.D.N.Y. Dec. 6, 2012) *report and recommendation adopted,* 11–cv–6149, 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013) ("*Res judicata* is inapplicable to [p]laintiff's unjust enrichment and conversion claims for the additional reason that these causes of action accrued after the foreclosure proceeding.").

No set of facts could support a claim under section 1983 because "1983 addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2nd Cir. 1992). Defendants are a private corporation and there are no allegations that defendants engaged in joint activitiy with the government in the assignment or foreclosure of plaintiff's home. *See id.* ("A private defendant may be held liable only as a willful participant in joint activity with the State or its agents.") (citations omitted); *Dahlberg v. Becker*, 748 F.2d 85, 91 (2d Cir. 1984) (holding that even private misuse of a valid state law to deprive another of constitutionally protected rights cannot be attributed to the state).

Likewise, § 1985 cannot provide relief for plaintiff. Though § 1985 reaches private action, it was not "intended to apply to all tortious, conspiratorial interferences with the rights of others . . . there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). Plaintiff has pleaded no facts even suggesting that defendants acted with discriminatory motive and no facts to show that he is a member of a protected class. *See Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 556 (E.D.N.Y. 2005) (stating that "[p]laintiffs' failure to allege purposeful discrimination or animus [was] fatal" in dismissing claims pursuant to 42 U.S.C. § 1985). Beyond invoking the statute, plaintiff makes no allegations of discrimination whatsoever.

## III. Leave to Amend Would Be Futile

Ordinarily, courts liberally grant leave to amend to *pro se* plaintiffs proceeding in *in forma pauperis*. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2nd Cir. 1999). The

settled rule in the Second Circuit is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (internal citations omitted). However, if no set of facts could state a claim for which relief may be granted, "a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissing a *pro se* complaint because a "better pleading [would] not cure it"). Such leave would be futile in the instant case. Plaintiff has neither requested that the court allow him leave to amend his complaint nor responded to defendants' motion to dismiss in any form. Furthermore, his claims are entirely implausible. Plaintiff's surviving predatory lending claim is time-barred and no set of facts could rectify the substantive problems with plaintiff's due process claim. *See Cuoco*, 222 F.3d at 112. As such, leave to amend would be futile in the instant action.

## CONCLUSION

Plaintiff's fraud, predatory lending, and due process claims, as they relate to the parties' prior action, are barred by res judicata. Plaintiff's surviving predatory lending claim is barred by the applicable statute of limitations. Finally, plaintiff's remaining due process claim fails because no set of facts in support of plaintiff's claim would entitle him to relief under 42 U.S.C. §§ 1983 or 1985.

Accordingly, plaintiff's Complaint is hereby DISMISSED and leave to replead is DENIED. The Clerk of Court is directed to enter judgment accordingly, mail to plaintiff a copy of this Memorandum and Order and the accompanying Judgment, and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 1, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge